IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KIMBERLY GREEN,

        Plaintiff,

   v.

SOUTH LANE SCHOOL DISTRICT,
*a public school district*,

        Defendant.

Case No. 6:23-cv-01630-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Kimberly Green alleges that her employer, Defendant South Lane School District ("the District"), discriminated against her on the basis of her religious beliefs in violation of Title VII and Or. Rev. Stat. § 659A.030.[1] Although she was granted a religious exception to the COVID-19 vaccine requirement, she was terminated when she refused the District's proffered accommodation of weekly COVID-19 testing. Before the Court is Defendant's Motion for Summary Judgment. ECF No. 18. Because Plaintiff was offered reasonable accommodations, Defendant's Motion is GRANTED.

---

[1] Plaintiffs Beach, Bowers, Shipley, and Black voluntarily dismissed their claims.

1 – Opinion & Order

## BACKGROUND

Plaintiff Kimberly Green is a practicing Buddhist who believes if she were to be "vaccinated with any of the currently available COVID-19 vaccines, [she] would be cooperating with and complicit in abortion[.]" Field Decl. Ex. 1, at 40, ECF No. 21. She also believes "we are already made perfectly in the image of God[,]" and "[t]he manipulation and testing of DNA is tampering with what God has created[.]" Green Decl. 2, ECF No. 26.

Plaintiff began working for the District in 2017. She interacted with teachers, students, and others across various classrooms and settings. Plaintiff also worked with "medically fragile student[s]." *Id.* There is no dispute that this setting lends itself to the quick spread of communicable diseases such as the COVID-19 virus.

In August of 2021, the District informed employees about the requirement of the Oregon Health Authority Vaccine Rule ("OHA Vaccine Rule") and its impact on employment. The District entered into an agreement with Plaintiff's union, the South Lane Education Association, stating that "[t]he District will follow [a] Communicable Disease Management Plan ("Plan") with COVID-19 specific guidelines." Curtis Decl. Ex. 1, at 6, ECF No. 20.

The Plan outlined prevention and mitigation measures to help limit the spread of COVID-19, including a vaccination requirement in accordance with Oregon Administrative Rule 333-019-1030. The requirement stated "[a]s of October 18, 2021, school staff [] may not teach, work, learn, study, assist, observe, or volunteer at a school unless they are fully vaccinated or have provided documentation of a medical or religious exception[.]" Curtis Decl. Ex. 2, at 10. Employees had to provide the District with documentation and acceptance of a religious exception before the October 18 deadline. *Id.* Once a religious exception was accepted, the Plan required "[t]he district take reasonable steps to ensure that unvaccinated school employees…

who have been granted an exception are protected from contracting and spreading COVID-19." *Id.*

On September 5, 2021, Plaintiff submitted a request for a religious exception to the vaccine rule. The exception was granted, provided she follow certain accommodations which included wearing a mask, undergoing weekly COVID-19 testing, and social distancing. Curtis Decl. Ex. 2, at 11. These accommodations were determined by the District in accordance with the Plan. *Id.*

Weekly testing involved mailing the test results to a laboratory. If a test result was positive, Lane County would be notified and would then contact both employer, employee, and send the test to the University of Oregon for research purposes. Green Decl. Ex. 1, at 8.

Plaintiff engaged in a series of emails and meetings with the school's superintendent about the offered accommodations. Her reasons for not wanting to participate in weekly testing included ethylene oxide exposure and concerns about the effectiveness of testing. Curtis Decl. Ex. 3, at 17. Plaintiff stated she was "NOT going to [sic] part of a data collecting project[.]" Green Decl. Ex. 1, at 6. Only after the District filed its Motion for Summary Judgment did Plaintiff communicate that weekly testing was against her religious beliefs. Green Decl. 2.

On November 8, 2021, the District terminated Plaintiff from her employment due to her refusal to comply with the OHA Vaccine Rule or the District's accommodation of weekly COVID-19 testing.

## **STANDARD**

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court reviews evidence and draws inferences in the light most favorable to the

nonmoving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (citation omitted). When the moving party has met its burden, the nonmoving party must present "specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). An issue is "genuine" if a reasonable jury could find in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citation omitted). A fact is "material" if it could affect the outcome of the case. *Id.*

## DISCUSSION

Plaintiff brings two claims for failure to accommodate under Title VII, 42 U.S.C. § 2000e-2 and Or. Rev. Stat. § 659.A030. Courts analyze these two claims together since they are substantially similar. *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437 n.2 (9th Cir. 1993). The District moves for summary judgment on both.

Title VII makes it illegal for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion[.]" 42 U.S.C. § 2000e-2(a)(1). "Religion" "includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

Courts analyze Title VII failure-to-accommodate claims under a two-part, burden-shifting framework. *Heller*, 8 F.3d at 1438. First, Plaintiff must plead a prima facie case of religious discrimination by showing that "(1) she had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) she informed her employer of the belief and conflict;

4 – Opinion & Order

and (3) the employer threatened her or subjected her to discriminatory treatment, including discharge, because of her inability to fulfill the job requirements." *Id.* Second, if an employee articulates a prima facie case, the burden shifts to the employer to show that it made good-faith efforts to reasonably accommodate the religious practice or that it could not accommodate without undue hardship. *Id.*

### A. Prima Facia Case

Plaintiff has established a prima facie failure to accommodate case. Prongs one and two are satisfied—Plaintiff held a bona fide religious belief that prevented her from receiving the COVID-19 vaccine and she notified the District of the conflict between her religious belief and receiving the vaccine. With regards to the third prong, Plaintiff must show "by a preponderance of the evidence that engaging in the protected activity was one of the reasons for her firing and that but for such activity she would not have been fired." *Ruggles v. Cal. Polytechnic State Univ.*, 797 F.2d 782, 785 (9th Cir. 1986). Plaintiff has sufficiently shown that her refusal to accept the vaccine, based on her sincerely held religious beliefs, was a substantial factor in the decision to terminate her employment, satisfying the causation element of her claim.

### B. Reasonable Accommodations

Since Plaintiff has proven a prima facie case under Title VII, the burden now shifts to the District to show "some initial step to reasonably accommodate the religious belief of that employee." *Heller*, 8 F.3d at 1440 (quoting *Am. Postal Workers Union, S.F. Local v. Postmaster Gen.*, 781 F.2d 772, 776 (9th Cir. 1986)). This burden requires that "at a minimum, the employer… negotiate with the employee in an effort reasonably to accommodate the employee's religious beliefs." *Id.* (quoting *EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1513 (9th Cir. 1989)).

A reasonable accommodation "eliminates the conflict between employment requirements

5 – Opinion & Order

and religious practices[.]" *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 70 (1986). When an employer proposes an accommodation that effectively eliminates the alleged religious conflict, "the inquiry under Title VII reduces to whether the accommodation reasonably preserves the affected employee's employment status." *Am. Postal Workers Union, S.F. Local*, 781 F.2d at 776–77. *Any* reasonable accommodation by the employer is sufficient to meet its accommodation obligation. *Ansonia*, 479 U.S. at 68 (emphasis added).

Here, Plaintiff's employment status would have remained unchanged, provided she accept masking and weekly testing accommodations. Plaintiff rejected the testing accommodation, stating "[b]ased on my religious beliefs I am NOT going to [sic] part of a data collecting project" and "I would have signed that [accommodations] document if I did not have to submit my DNA." Green Decl. Ex. 1, at 6; Field Decl. Ex. 1, at 32. Plaintiff instead requested use of rapid tests that "DO NOT require the use of people having to give up their DNA to be tested and manipulated for research purposes." Green Decl. 2.

Title VII, however, does not protect secular preferences. *Tiano v. Dillard Dep't Stores*, 139 F.3d 679, 682 (9th Cir. 1998). Plaintiff did not offer any religious reasoning for why she was refusing the weekly testing. Plaintiff instead alleges testing was unreasonable because "it is strongly disputed whether [] testing added any value to the effort to stop transmission of COVID-19." Pl.'s Resp. 4, ECF No. 24. Plaintiff cites articles from *Science Magazine* and the *Journal of Clinical Microbiology* regarding the effectiveness of COVID-19 testing. Janzen Decl. 1–2, ECF No. 25.

Plaintiff's Complaint also fails to provide any religious explanation for her inability to accept the accommodations, merely stating that "Plaintiff Green could not sign the [accommodations] document as it was." Am. Compl. ¶ 30, ECF No. 12. Plaintiff argues the

6 – Opinion & Order

accommodations are unreasonable because they are "designed and engineered to punish, ostracize, expose, and humiliate religious teachers who declined the vaccine for religious reasons." *Id.* ¶ 10.

Plaintiff contends "the list of 'accommodations' imposed by the District may have been reasonable if Plaintiff[] were working in a clinical setting with vulnerable populations[.]" *Id.* ¶ 11. However, Plaintiff herself acknowledges that she worked with "medically fragile" students. Field Decl. Ex. 1, at 13. Plaintiff makes no argument that the District's goal to reduce the COVID-19 risk among this student population was unreasonable.

The Court finds that the District's proffered accommodation of masking and testing was reasonable in a school setting.

## C. <u>Undue Hardship</u>

While Plaintiff suggests that a more reasonable accommodation would have been the use of rapid test kits, the District has demonstrated that such an accommodation would cause undue hardship. A defendant "need not make such an effort if it can show that any accommodation would impose undue hardship." *Heller*, 8 F.3d at 1440. An accommodation causes "'undue hardship' when it results in more than a *de minimus* cost to the employer." *Id*. Courts agree "an employer is not liable under Title VII when accommodating an employee's religious beliefs would require the employer to violate federal or state law." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830 (9th Cir. 1999). The existence of such a law establishes "undue hardship[.]" *Id.*

First, the District was required to adhere to Oregon Administrative Rule 333-019-1030 (The OHA Vaccine Rule). The District's Plan and COVID-specific guidelines clearly stated they would "follow[] requirements from the Oregon Department of Education (ODE) and the Oregon

7 – Opinion & Order

Health Authority (OHA)." Curtis Decl. Ex. 2, at 9. As part of this compliance, the District had to assure they would "not use the supplied [rapid] test kits to perform 'screening' tests on people without symptoms and no known exposure to COVID-19." McCasline Decl. Ex. 1, at 5, ECF No. 19. The District could not permit Plaintiff to use rapid tests for screening while simultaneously remaining in compliance with the OHA Vaccine Rule.

Second, if the District allowed Plaintiff to return to teaching without agreeing to the required accommodations, "the District would be at risk for legal liability and statutory civil penalties under the OHA Vaccine Rule[.]" Def.'s Mot. 28, ECF No. 18. The law in effect at the time stated "[s]chools and school-based programs that violate any provision of this rule are subject to civil penalties of $500 per day per violation." Or. Admin. R. 333-019-1030(15) (2021) (repealed 2023). Allowing Plaintiff to return to teaching without agreeing to the necessary accommodations would expose the District to significant legal risks and potential civil penalties creating an undue burden.

## CONCLUSION

The District's Motion for Summary Judgment, ECF No. 18, is GRANTED.

IT IS SO ORDERED.

DATED this 4th day of March, 2025.


                                                    \_\_s/Michael J. McShane_____
                                                          Michael J. McShane
                                                    United States District Judge